UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ELIZABETH ABRAMS and DORE ABRAMS, as
Parents and Natural Guardians of A.A., and
ELIZABETH ABRAMS and DORE ABRAMS,
Individually,

**CASE NO**.: **19-CV-4175**

Plaintiffs,

**COMPLAINT**

-against-
RICHARD CARRANZA, in his official capacity as the
Chancellor of New York City Department of Education, and
NEW YORK CITY DEPARTMENT OF EDUCATION,
                                    Defendants.
------------------------------------------------------------------------x

Plaintiffs ELIZABATH ABRAMS and DORE ABRAMS ("Parents"), the parents and natural guardians of A.A., in the above-captioned case, as and for their Complaint, allege as follows:

## JURISDICTION AND VENUE

1.      The instant case arises under a federal statute, the Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. §1400, et seq.) and the regulations of the United States Department of Education, which were promulgated pursuant to authority granted by the statute (34 C.F.R. Part 300).

2.      This Court has subject matter jurisdiction of this matter under 28 U.S.C. §1331, in that claims arise under federal law (IDEA), 28 U.S.C. §1343(a), in that the claims herein arise under laws providing for the protection of civil rights, and under 20 U.S.C §1415(j).

3.      To the extent, if any, that this case involves questions of special education rights under New York State law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4.  Pursuant to 28 U.S.C. §1391(b), venue is properly placed within the Southern District of New York in that defendants RICHARD CARRANZA, in his official capacity as Chancellor of the New York City Department of Education and NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") maintain business offices in New York County.

5.  Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. §1988(b) and 20 U.S.C. §1415(i), if determined to be a prevailing party.

## FACTUAL ALLEGATIONS

6.  Elizabeth Abrams and Dore Abrams are A.A.'s Parents.

7.  A.A. is a 20-year-old girl who suffers from a brain injury. As a result of her brain injury, she has global developmental impairments. These impairments adversely affect her educational abilities and performance. A.A. is non-verbal and non-ambulatory and has highly intensive management needs and requires a high degree of individualized attention, instruction and intervention.

8.  A.A. is classified as a student with a disability. As such, DOE is obligated to provide her with a Free and Appropriate Education ("FAPE") pursuant to IDEA. Accordingly, the DOE must provide A.A. with an appropriate educational placement, set forth in an Individualized Education Program ("IEP"), for every school year.

9.  A.A. was a student at International Academy of Hope (iHOPE) during the 2017-2018 school year. During that school year, A.A. received all academic and related services at iHOPE.  She had an extended school day and was part of a program of twelve (12) month academic program. She had a 1:1 paraprofessional and a 1:1 nurse during the school day. She also received special transportation services that consisted of a 1:1 transportation

nurse, a wheel chair accessible vehicle, air conditioning, and limited travel time of no more than sixty (60) minutes.

10. In the Findings of Fact and Decision ("FOFD") rendered by Impartial Hearing Officer Jeffrey J. Schiro ("IHO Schiro") on July 13, 2018 in Impartial Hearing Case No. 171473, IHO Schiro awarded full tuition and cost of related services at iHOPE to the Parents on behalf of A.A. for the 2017-2018 school year.

11. DOE did not appeal IHO Schiro's FOFD.

12. On June 21, 2018, Parents informed the DOE, through a "ten-day notice," of their intent to enroll A.A. in the International Institute for the Brain ("iBRAIN") for the 2018-2019 school year and to seek public funding for A.A.'s education thereat.

13. On July 9, 2018. A.A. started attending iBRAIN. A.S. is currently a student at iBRAIN. She is receiving all academic and related services at iBRAIN. She has an extended school day and is part of a (12)-month academic program. She has a 1:1 paraprofessional and a 1:1 nurse during the school day. She also receives special transportation services that consist of a 1:1 transportation nurse, a wheel chair accessible vehicle, air conditioning, and limited travel time of no more than sixty (60) minutes.

14. On July 9, 2018, Parents brought a due process complaint under Impartial Hearing Case No. 175173 against DOE alleging, among other things, that the DOE did not provide A.A. with a FAPE for the 2018-2019 school year and requesting as relief, among other things, a "stay-put" or pendency order requiring the DOE fund A.A.'s placement at iBRAIN during the pendency of the due process proceeding, as required under 20 U.S.C. § 1415(j).

15. IHO Jeffrey J. Schiro was assigned to hear the case.

16. As per IHO Schiro's briefing schedule, on February 8, 2019, Parent provided IHO Schiro and DOE with a Memorandum of Law in Support of Parents' Petition for Pendency.

Parents relied on an affidavit from Ms. Tiffany Semm and argued that A.A.'s pendency placement should be iBRAIN for the 2018-2019 school year, based on the substantial similarity between her current educational program at iBRAIN and her educational program at iHOPE for the 2017-2018 school year. On February 15, 2019, the DOE provided their Memorandum of Law in opposition to the petition.

17. In an Interim Order on Pendency ("IOP"), dated April 22, 2019, IHO Schiro ordered the DOE to fund A.A.'s pendency placement for the 2018-2019 school year effective July 9, 2018.

18. On May 2, 2019, Parent provided the Impartial Hearing Order Implementation Unit of the DOE with documents necessary for the implementation of the IOP.

19. On May 7, 2019, the DOE served Parents' counsel a Notice of Intention to Seek Review with the State Review Office ("SRO").

20. To date, DOE has not offered any pendency placement or pendency-related services to A.A.

21. To date, the DOE has not filed an appeal with the SRO.

22. To date, the DOE has not fully complied with the OP dated April 22, 2019.

23. To Plaintiffs' knowledge, the DOE has not sought a stay of the IOP from IHO Schiro, the SRO, or any court of competent jurisdiction.

24. While Plaintiffs need not exhaust administrative remedies concerning pendency matters, Plaintiffs have exhausted all possible remedies, as neither IHO Schiro nor the State Review Officer has the power to enforce the IOP. Therefore, Plaintiffs were forced to seek enforcement of the order in a court of competent jurisdiction.

25. The IDEA's stay-put provision, 20 U.S.C. § 1415(j), provides, *inter alia*, that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local

educational agency and the Parents otherwise agree, the child shall remain in the then-current educational placement of such child." See 20 U.S.C. § 1415(j); 34 C.F.R. 300.518(a); N.Y. Educ. L. § 4404(a).

26. If the DOE were permitted to ignore the effect of IHO Schiro's OP, it would defeat the entire purpose of pendency, which is to protect the right of the child to keep the same educational program while administrative due process proceedings are pending.

27. DOE is employing a *de facto* policy to automatically stay the implementation of an IHO's Order on Pendency while it is contemplating appealing it to the SRO, and while it is appealing it. DOE has promoted this policy in lieu of moving for a stay before a court of competent jurisdiction. Because this policy is devoid of legal support, there are several active cases before this Court challenging such policy. See, e.g., Fiallos et al v. New York City Department of Education, 19-CV-334-JGK; Mendez et al v. New York City Department Of Education, 19-CV-854-ALC; Cruz et al v. New York City Department of Education, 19-CV-856-PGG; Cohen et al v. New York City Department Of Education, 19-CV-3863-LTS. The Chancellor, in his official capacity, is liable for the development of such policy and its prevalence.

28. Because pendency already has the effect of an automatic injunction, Parents need not meet the traditional requirements for injunctive relief, such as likelihood of success on the merits, irreparable harm, or a balancing of the hardships. However, in the event that the Court finds that Parents are required to meet such traditional requirements, Plaintiffs do, in fact, meet such requirements.

29. The purpose of pendency is to provide stability and consistency in the education of a student with a disability, and to strip schools of the unilateral authority they had traditionally employed to exclude disabled students from school.

30.     New York State regulations, in 8 NYCRR § 279.10, provides the right for either party to take an interlocutory appeal from an IHO determination on a pendency issue for the aforementioned reasons, as well as the reasons outlined in the Memorandum of Law in Support of the Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order.

## CAUSES OF ACTION

31.     The DOE's failure to provide implement IHO Schiro's IOP, which directed DOE to fully fund A.A.'s pendency placement deprived A.A. of her right to pendency under the "stay put" provision (20 U.S.C. 1415(j)) of the IDEA, and the regulations promulgated thereunder, and thus deprives her of her rights secured by federal law.

32.     The DOE has violated A.A.'s rights under New York Education Law §§ 4404 and 4410, as they relate to pendency.

## RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.      Issue a Temporary Restraining Order and Preliminary Injunction:

        i.      Ordering the DOE to implement all aspects of IHO Schiro's IOP in IHO Case No. 175173, dated April 22, 2019.

b.      Enter a judgment:

        i. Ordering the DOE to implement all aspects of IHO Schiro's IOP in IHO Case No. 175173, dated April 22, 2019.

        ii. Ordering other equitable relief and damages due to Parent as a result of the failure or delay in implementing IHO Farago's IOP, as alleged herein; and

        iii. Declaring that the DOE violated A.A.'s rights as set forth herein;

c.      Award to Plaintiffs their costs and attorneys' fees; and

d.      Grant such other and further relief as this Court deems just and proper.

Dated: May 8, 2019

                                          Respectfully submitted,


                                          Karl J. Ashanti, Esq.
                                          Brain Injury Rights Group
                                          Attorneys for Plaintiffs
                                          Karl Ashanti, Counsel
                                          50 W. 97th St., Suite 1E
                                          New York, NY 10025