UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Elizabeth Abrams and Dore Abrams, as Parents
and Natural Guardians of A.A., and Elizabeth
Abrams and Dore Abrams, Individually,

Plaintiffs,

19-CV-4175 (AJN)

OPINION & ORDER

—v—

Richard Carranza, in his official capacity as the
Chancellor of New York City Department of
Education, and New York City Department of
Education,

Defendants.

ALISON J. NATHAN, District Judge:

Plaintiffs Elizabeth and Dore Abrams, proceeding individually and on behalf of their child A.A., seek a preliminary injunction ordering the Defendants to implement Impartial Hearing Officer Jeffrey J. Schiro's Interim Order on Pendency ("IOP") dated April 22, 2019 and ordering Defendant New York City Department of Education ("DOE") to fund A.A.'s placement at International Institute for the Brain ("iBRAIN") during the pendency of the underlying due process proceedings. For the reasons that follow, the Court GRANTS Plaintiffs' application.

I.  **Background**

A.A. is a 20-year-old student who suffers from global developmental impairments as a result of a traumatic brain injury. Ashanti Decl., Dkt. No. 15 ¶ 2. This action arises out of A.A.'s parents' efforts, individually and on her behalf, to secure funding for an educational placement suitable to A.A.'s highly intensive management needs.

### A. Statutory and Regulatory Background

Under the Individuals with Disabilities Education Act ("IDEA"), local educational agencies like the DOE are responsible for making a Free Appropriate Public Education ("FAPE") available within their jurisdictions to children with disabilities between the ages of 3 and 21. 20 U.S.C. § 1412(a)(1). To ensure that qualifying children receive such a FAPE, "a school district must create an individualized education program ('IEP') for each such child." *M.O. v. N.Y.C. Dep't of Educ.*, 793 F.3d 236, 239 (2d Cir. 2015) (quotation omitted). But "[p]arents who believe that a FAPE is not being provided to their child may unilaterally enroll the child in a private school and seek tuition reimbursement from the school district by filing what is known as a due process complaint," triggering "an administrative procedure by which the board of education appoints an Independent Hearing Officer ("IHO") who conducts a formal hearing and fact-finding." *Id.* (quotation omitted). When parents pursue this option, the IHO is responsible for determining whether "(1) the proposed IEP failed to provide the student with an appropriate public education; (2) the parent's private placement was appropriate to the child's needs; and (3) equitable considerations support the parent's claim." *Reyes ex rel. R.P. v. N.Y.C. Dep't of Educ.*, 760 F.3d 211, 215 (2d Cir. 2014). An IHO's decision may be appealed to the state educational agency for an impartial review by a State Review Officer ("SRO"), and an SRO's decision may be challenged by filing a civil action in either state or federal court. *Id.*

While the administrative and judicial proceedings described above are ongoing, under the "pendency" or "stay-put" provisions of the IDEA and New York law, "unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child," 20 U.S.C. § 1415(j); N.Y. Educ. Law § 4404(4)(a) (similar); preserving "the educational status quo while the parties' dispute is being resolved,"

*T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152 (2d Cir. 2014). Accordingly, an IHO may hold a hearing and issue an Interim Order on Pendency ("IOP") making findings concerning a student's pendency placement in advance of making final findings of fact and decision on her due process complaint. *See, e.g., S.G. v. Success Academy Charter Schs., Inc.*, No. 18-CV-2484 (KPF), 2019 WL 1284280, at *6 (S.D.N.Y. Mar. 20, 2019); *M.M. ex rel. J.M. v. N.Y.C. Dep't of Educ.*, No. 09-CV-5236 (PAC), 2010 WL 2985477, at *11 (S.D.N.Y. July 27, 2010).

### B. Factual Background

The pertinent facts of this case are not in dispute, and are drawn from the parties' submissions, including the Plaintiffs' submission of two written opinions of the Independent Hearing Officer who presided over A.A.'s two due process complaints. *See* July 13, 2018 Findings of Fact and Decision ("July 2018 FOFD"), Dkt. No. 15-2; Apr. 22, 2019 Interim Order on Pendency, Dkt. No. 15-6 ("2019 IOP").

A.A. has been classified as a student with a disability since at least 2016. *See* July 2018 FOFD at 5. Plaintiffs' request for a preliminary injunction arises out of issues concerning her placements for the 2017-2018 and 2018-2019 school years.

For the 2017-2018 school year, A.A.'s parents notified DOE that they intended to unilaterally place A.A. in a program at the International Academy of Hope ("iHOPE"). *Id.* at 6. On November 17, 2017, A.A.'s parents filed a due process complaint alleging that the DOE had failed to provide A.A. with a FAPE for the 2017-2018 school year and seeking funding for her placement at iHOPE; shortly thereafter, they moved for an interim order on A.A.'s pendency placement. *Id.* at 4, 7. On January 3, 2018, IHO Jeffrey Schiro issued an Interim Order on Pendency directing DOE to fund A.A.'s placement at iHOPE until the due process proceedings

concluded. *Id.* at 3. And on July 13, 2018, IHO Schiro issued Findings of Fact and Decision finding that DOE had failed to provide A.A. with a FAPE for the 2017-2018 school year, that iHOPE was an appropriate placement, and that the equities favored the parents. *Id.* at 12–17. Accordingly, IHO Schiro granted A.A.'s parents' claim for reimbursement and/or direct payment of tuition and related services at iHOPE. *Id.* at 17. Neither party appealed the July 2018 FOFD. Compl., Dkt. No. 1. ¶ 11.

On June 21, 2018, shortly before IHO Schiro issued the July 2018 FOFD, A.A.'s parents informed DOE that they intended to enroll A.A. in the International Institute for the Brain ("iBRAIN") for the 2018-2019 school year. Ashanti Decl. ¶ 7. On July 9, 2018, A.A. began attending iBRAIN and her parents filed a new due process complaint alleging that DOE did not provide A.A. with a FAPE for the 2018-2019 school year and seeking, among other things, an interim order requiring the DOE to fund A.A.'s placement at iBRAIN. *Id.* ¶¶ 8–9. On April 22, 2019, IHO Schiro issued a new Interim Order on Pendency (the "2019 IOP") finding the program available at iBRAIN substantially similar to the program available at iHOPE and requiring the DOE to fund A.A.'s placement at iBRAIN from the date the 2018 due process complaint was filed until the conclusion of the due process proceedings. 2019 IOP at 12–21, 23–24.

On May 7, 2019, the DOE served A.A.'s parents with a Notice of Intention to Seek Review of the 2019 IOP with the State Review Office. Compl. ¶ 19. According to Plaintiffs, it has not yet filed this appeal, nor has it offered any pendency placement or pendency-related services to A.A or sought a stay of the IOP. *See id.* ¶¶ 21–23.

### C. Procedural Background

Plaintiffs filed the above-captioned IDEA claim in federal court on May 8, 2019 alleging that the DOE's failure to implement IHO Schiro's IOP deprived A.A. of rights secured under federal and New York education law, and requesting that this Court order the DOE to implement all aspects of IHO Schiro's 2019 IOP. *See* Compl. ¶¶ 31–32. Plaintiffs then filed the instant motion for a preliminary injunction, which was fully briefed by May 21, 2019 pursuant to a briefing schedule approved by this Court at a conference on May 20, 2019. *See* Dkt. Nos. 14–18. On May 22, 2019, the Court heard oral argument on Plaintiffs' application. *See* Argument Tr. On June 3, 2019, Defendants filed a letter identifying purported supplemental authority and Plaintiffs filed a letter response. Dkt. Nos. 22, 24.

## II. Legal Standard

As a general matter, a party seeking a preliminary injunction "must . . . show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The burden on the moving party is even higher when a party seeks a mandatory injunction—that is, an injunction commanding a positive act, as opposed to one that merely maintains the status quo. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011). The Second Circuit has instructed that a mandatory injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) (internal quotation omitted).

In the pendency context, however, the preliminary injunction analysis is truncated, and plaintiffs need not demonstrate that each of the ordinary preliminary injunction elements are met. The Second Circuit has described Section 1415(j)'s pendency provision as an "automatic preliminary injunction" that "substitutes an absolute rule in favor of the status quo for the court's discretionary consideration of the factors of irreparable harm and either a likelihood of success on the merits or a fair ground for litigation and a balance of hardships." *Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982). In other words, the enforcement of the pendency provision is automatic and should occur without regard to such factors as irreparable harm, likelihood of success on the merits, and balancing of the hardships. *Id.*

## III. Analysis

Plaintiffs move for a preliminary injunction ordering Defendants to implement IHO Schiro's IOP finding that DOE is obligated to fund A.A.'s placement at iBRAIN during the pendency of her due process proceedings. The Court grants Plaintiffs' motion.

### A. Plaintiffs Are Entitled to a Preliminary Injunction

Under 20 U.S.C. § 1415(j), a child "shall remain in [her] then-current educational placement" "unless the State or local educational agency and the parents otherwise agree" during the pendency of her due process complaint. A prior unappealed IHO decision may establish a student's pendency placement for purposes of this provision. *Student X v. N.Y.C. Dep't of Educ.*, No. 07-CV-2316 (NGG), 2008 WL 4890440, at *23 (E.D.N.Y. Oct. 30, 2008) (citing 34 C.F.R. § 300.514(a)).

Here, both parties agree that a prior unappealed IHO decision—IHO Schiro's July 2018 Findings of Fact and Decision—established the educational program and services A.A. received at iHOPE during the 2017-2018 school year as A.A.'s pendency placement. *See* Defs.' Br., Dkt.

6

No. 18 at 6; Pls.' Br., Dkt. No. 16 at 10; Argument Tr. at 6:19–25, 22:15–20. They disagree, however, as to whether DOE is obligated to implement that program at iBRAIN pursuant to IHO Schiro's April 2019 IOP. In the later decision, IHO Schiro determined that A.A. was entitled to a pendency placement at iBRAIN because the program she received at iBRAIN was substantially similar to the program she previously received at iHOPE. Plaintiffs reason that this ruling establishes that A.A. is entitled to immediate enforcement of her pendency placement at iBRAIN.

Defendants disagree, arguing that A.A. is not entitled to enforcement of pendency in a program not implemented at iHOPE. They construe Plaintiffs' claim as seeking a *change* in A.A.'s pendency placement. And they contend that this is a change to which A.A. is not entitled, citing a district court opinion noting that a pendency placement cannot be changed except "(1) by an agreement of the parties; (2) by an *unappealed* decision of an IHO; (3) by a decision of [an SRO] that agrees with the child's parents; or (4) by determination by a court on appeal from an SRO's decision." Defs.' Br. at 6 (quoting *Arlington Cent. Sch. Dist. v. L.P.*, 421 F. Supp. 2d 692, 697 (S.D.N.Y. 2006)). Moreover, even if Plaintiffs are not seeking to implement a changed pendency placement, Defendants maintain that the Court could not order implementation of a program at iBRAIN because Defendants are appealing IHO Schiro's substantial similarity determination to the SRO, and the Court should not make its own substantial similarity determination or enforce the IHO's, but wait to address that question until it has the benefit of the SRO's "educational expertise." Defs.' Br. at 7 (quoting *Cruz v. N.Y.C. Dep't of Educ.*, No. 18-CV-12140 (PGG), 2019 WL 147500, at *1 (S.D.N.Y. Jan. 9, 2019)). Finally, Defendants contend that, even if a program at iBRAIN is deemed to constitute A.A.'s pendency placement for purposes of Section 1415(j), Plaintiffs are not entitled to the injunctive relief they request

7

because they have not shown that it is necessary to protect A.A.'s right to a stable learning environment during the pendency of administrative review.

For the reasons that follow, the Court agrees with Plaintiffs that A.A. is entitled to an automatic injunction ordering implementation of a program at iBRAIN pursuant to the IHO's 2019 IOP.

### 1. A.A. Is Entitled to a Pendency Placement at iBRAIN

As an initial matter, Defendants' attempt to construe Plaintiffs' claim as seeking a changed pendency placement is unconvincing. Even if the district court case that defendants rely on for the proposition that a pendency placement can only be changed under specified limited circumstances constituted binding authority, Plaintiffs do not seek a change in A.A.'s placement: their argument is that IHO Schiro's substantial similarity finding established that a program at iBRAIN was consistent with A.A.'s pendency placement. Defendants do not appear to dispute Plaintiffs' premise that, if A.A.'s program at iBRAIN were substantially similar to her program at iHOPE, it could constitute A.A.'s then-current educational placement for pendency purposes. *See* Argument Tr. at 28:24–29:4 (assenting that the Court could make a determination whether iBRAIN was substantially similar to iHOPE in enforcing the 2018 IOP); 2019 IOP at 16–18 (describing the "substantially and materially the same" standard). Instead, the parties' primary disagreement is at the next stage of the analysis: whether Plaintiffs may rely upon IHO Schiro's substantial similarity determination immediately or must await the outcome of the DOE's administrative appeal of that determination—and, according to Defendants, their appeal to federal or state court should they lose again, *see* Argument Tr. at 24:5–8.

But Defendants offer no authority for their contention that the Court should not enforce A.A.'s right to her pendency placement pending this review process. To contrary, their position

8

appears to contravene Second Circuit precedent expressly holding that plaintiffs are not required to exhaust administrative remedies before suing to enforce the pendency provision. *Murphy v. Arlington Cent. School Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002) (Sotomayor, J.). As the Circuit has explained, an action alleging a violation of the pendency provision falls within at least one of the IDEA's enumerated exceptions to its exhaustion requirement; the purpose of the provision is to "establish[ ] a student's right to a stable learning environment during what may be a lengthy administrative and judicial review," and "[a] belated administrative decision upholding a student's stay-put rights provides no remedy for the disruption already suffered by the student." *Id.* at 199–200; *see also, e.g., Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 455 (2d Cir. 2015); *Avaras v. Clarkstown Cent. Sch. Dist.*, No. 15-CV-9679 (NSR), 2018 WL 4103494, at *3 (S.D.N.Y. Aug. 28, 2018).

The Second Circuit's concern in *Murphy*—that a child might be "ejected from his or her current educational placement while the administrative process sort[ed] out where the proper interim placement should be," 297 F.3d at 199—is equally present here notwithstanding the parties' ongoing disagreement whether the iBRAIN program is consistent with A.A.'s pendency placement. Defendants' argument to the contrary is that it "makes more sense" for the Court to wait until it has the benefit of the SRO's "educational expertise" before enforcing IHO Schiro's substantial similarity determination or making its own. Argument Tr. at 29:9–30:7; Defs.' Br. at 7. There are two problems with this argument. First, it is unsupported; the scant authority Defendants cite stands only for the unremarkable proposition that a federal court should not make substantial similarity determinations in the first instance when the Independent Hearing Officer or State Review Officer did not do so. *See Cruz*, 2019 WL 147500, at *10; *N.Y.C. Dep't of Educ.*, No. 12-CV-2184 (KBF), 2012 WL 5984915, at *10 (S.D.N.Y. Nov. 27, 2012). When,

9

as here, the IHO *did* make a substantial similarity determination, these cases provide no basis for this Court's declining to enforce that determination.

Second, even if the Court were to make its own substantial similarity determination, Defendants have offered no arguments contradicting IHO Schiro's ably reasoned conclusion that A.A.'s program at iBRAIN is substantially similar to the previously agreed upon program at iHOPE. The Court sees no reason to disturb that finding, and accordingly concludes that a program implemented at iBRAIN constitutes A.A.'s pendency placement.

The two decisions in *De Paulino v. New York City Department of Education et al.*, No. 19-CV-222 (GBD), that Defendants identify as supplemental authority do not warrant a different conclusion. There, in contrast to this case, the plaintiffs sought a preliminary injunction *overriding* an IHO's determination that a student was not entitled to a pendency placement at a new site, and the IHO had declined to make a substantial similarity determination in the first instance. *See* 19-CV-222, Dkt. No. 1 ¶¶ 17–20, 35. The *De Paulino* court's conclusion that there was "no legal basis" for it to conduct its own analysis of whether the parents' preferred placement was substantially similar to the student's pendency placement under the circumstances of that case, Dkt. No. 22-1 at 4–5, has no bearing on whether Plaintiffs are entitled to the enforcement of an IHO's well-reasoned determination in this one.

### 2. An Automatic Injunction Is Warranted

Defendants next argue that even if the Court reaches the above conclusion, Plaintiffs are not entitled to injunctive relief because such relief is only appropriate when Plaintiffs have made a showing that there is a "meaningful threat" to the "student's right to a stable learning environment during what may be a lengthy administrative and judicial review." Defs.' Br. at 8

(quoting first *Cohen v. N.Y.C. Dep't of Educ.*, No. 18-CV-11100 (JMF), 2018 WL 6528241, at *2 (S.D.N.Y. Dec. 12, 2018), and then *Murphy*, 297 F.3d at 199).

The Court disagrees. The Second Circuit has expressly stated that the IDEA "substitutes an absolute rule in favor of the status quo for the court's discretionary consideration" of the ordinary preliminary injunction factors. *Zvi D.*, 694 F.2d at 906. Although the statute permits the court the discretion to "grant such relief as the court determines appropriate" in civil actions brought under Section 1415, there is no indication that the Second Circuit has retreated from its position that Section 1415(j) entitles Plaintiffs to an "automatic preliminary injunction." *Id.* While a few district courts have made the "commonsense observation" that plaintiffs might not be entitled to such an injunction if they have not shown any "true danger exists," *see Cruz*, 2019 WL 147500, at *9; *Cohen*, 2018 WL 6528241, at *3, they have not relied on that observation to decline to grant a preliminary injunction or otherwise disturbed the "well settled law that irreparable harm need not be shown to obtain injunctive relief regarding pendency," *Cruz*, 2019 WL 147500, at *9.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiffs' request for a preliminary injunction and it is hereby ORDERED that Defendants shall immediately implement the Order of Pendency of Independent Hearing Officer Schiro in Case No. 175173. This resolves Dkt. No. 14.

The Court will schedule an initial pretrial conference by separate order.

SO ORDERED.

Dated: June 6, 2019
       New York, New York

_____
       ALISON J. NATHAN
       United States District Judge

6/6/19